UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

BONNIE DiTORO,
        Petitioner

V.                              No. 03-12467-PBS

BARBARA GUARINO,
        Respondent

*********************************

PETITIONER'S MOTION FOR EVIDENTIARY HEARING ASSIGNMENT OF COUNSEL AND FOR 60 DAY TIME EXTENSIONS UNTIL AN ATTORNEY ENTERS THE CASE

Now comes the Petitioner, Bonnie DiToro, verifying under pain and penalty of perjury that she is an indigent prisoner without funds, income, bank accounts or liquid assets for retaining a lawyer, and in relation to the necessary evidentiary hearing to be held in this case, moves this Honorable Court to assign counsel, pursuant to the criminal justice act, 18 USC §§ 3006A(b)(c) and 3006A(d)(1)(3), Rule 8(c) of the rules governing 28 USC § 2254 cases, Liebman, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE, § 12.3 (4th Edition 2001 with 2003 supplement), RONEY V. UNITED STATES, 205 F3d 1061, 1062-1063 (8th Cir 2000) (discussing entitlement to Rule 8(c) counsel assignment to crossexamine drug trafficking trial and appellate counsel on ineffective assistance claim); UNITED STATES V. IASIELLO, 166 F3d 212, 213 n. 3 (3rd Cir 1999) ("Rule 8(c)...contains an identical requirement and has also been acknowledged by the Circuits to mandate appointment of counsel for an evidentiary hearing'); ALFORD V. UNITED STATES, 709 F2d 418, 423 (1st Cir 1983) ("An indigent prisoner who is ordered to receive an evidentiary hearing upon his (habeas corpus) petition is entitled to representation by appointed counsel at the hearing");; SWAZO V. WARDEN, 23 F3d 332, 333-334 (10th Cir 1994).

-1 of 2-

Petitioner's grounds One,Two and Four require testimony from ineffective direct appeal Attorneys Kenneth Resnik and Jonathan Shapiro,<u>MAPES V. COYLE</u>,171 F3d 408,427-429(6th Cir 1999) and evidentiary testimony must be heard from trial Attorney John Bosk, the petitioner, uncalled witnesses Kimberly Cooper,Donald Hall (and possibly others) with respect to grounds One,Two,Three and Four,<u>PHOENIX V. MATESANZ</u>,189 F3d 20(1st Cir 1999);<u>MORAN V. VOSE</u>,816 F2d 35,37(1st Cir 1987);<u>GONZALES-SOBERAL V. UNITED STATES</u>, 244 F3d 273,277-279(1st Cir 2001) because Petitioner made a proper request for a state evidentiary hearing which was denied summarily without reasons by Judge Zobel and the Appeals Court refused to consider the issue presented or remand for a state hearing,<u>WILLIAMS V. TAYLOR</u>,529 US 420,437(2000);<u>ELLSWORTH V. WARDEN</u>,333 F3d 1,9(1st Cir <u>en banc</u> 2003)(Torruella,CJ"concur(ring) in the majority's decision to grant and evidentiary hearing on remand"). Petitioner also avers that unlike male gender prisons, MCI Framingham does not have legally knowledgeable jailhouse lawyers which results in almost all women not being able to file and litigate 28 USC § 2254 habeas corpus petitioner,103 CMR 481 mail regulations and prior disciplinary action bar Petitioner from corresponding with the Walpole prisoner who drafted her new trial motion and her federal habeas petition,with covert 3-way mail delaying this and any future filings,plus a 60 day CPCS screening delay is expected if her 1/22/04 request for counsel is responded to be CPCS Attorneys Nathanson & Bronstein. Until an attorney is assigned a 60 day time extension to oppose and filing by respondent,is,therefore, MOST RESPECTFULLY REQUESTED.

February 14,2004 filed & served

Copy served on Attorney General's Office;One Ashburton Place,Boston,MA. 02108

Bonnie DiToro <u>pro se</u>
PO Box 9007
Framingham,MA.01701

-2 of 2-

```
                                        Bonnie DiToro f/36659
                                        PO Box 9007
                                        Framingham,MA.01701
                                        January 22,2004
```

Attorneys  David Nathanson & William Leahy
44 Bromfield Street
Boston,MA.02108

RE:CPCS ASSIGNMENT COUNSEL FOR <u>DiTORO V. GUARINO</u> #03-12467-PBS
   AND CPCS ASSISTING ALL FRAMINGHAM PETITIONERS IN THE FUTURE

Dear Attorneys Nathanson & Leahy:

                      My elcosed motion to communicate with the Walpole prisoner who drafted my new trial motion was denied in state Court by Judge Zobel who also denied proper motions for evidentiary hearings(see enclosed docket entries),and as my motion to communicate avers, there are no jailhouse lawyers in MCI Framingham so all female gender prisoners in state DOC system are in desperate need of CPCS help in post-conviction matters.

                      My enclosed ALOFAR shows all my issues are fully exhausted and I shall be having a federal evidentiary hearing which I need counsel for,in addition to my needing counsel for technical replies to Attorney general's Office oppositions (if the extra copy of Atty general's motions, answer and opposition memorandum do not timely get to the Walpole prisoner helping me due to 103 CMR 481 mail regulation that prohibit correspondence between state prisoners). Because there is an issue with my trial Attorney's preying on female clients (others here have given me affidavits) and resulting multiple conflicts of interest, if CPCS did assign counsel I would prefer a female gender Attorney to discuss the gender based issue with prior to my testifying at an evidentiary hearing.

                      Because Atty Grossberg told me he is too busy and is not representing me further, i am now requesting Attorney Nathanson make a recommendation to Chief Counsel Leahy as to whether CPCS should assign federal habeas corpus counsel to my case (and in a few weeks a motion being drafted will be filed for Rule 8 evidentiary hearing and Rule 8(c) counsel in federal court) because Judge Saris is one of the best judge.<u>Please</u>  review my issues and make a recommendation for me Atty Nathanson.

                                                      _____
                                                      Bonnie DiToro <u>pro se</u>

cc. file