UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
                            *
BONNIE DiTORO,              *
            Petitioner     *
                            *
v.                          *    No.03-12467-PBS
                            *
                            *    [Hearing On Motion Requested]
                            *
BARBARA GUARINO,            *
            Respondent     *
****************************
```

ACTUALLY INNOCENT PETITIONER'S  VERIFIED    n.1/
OMNIBUS MOTION FOR A  RULE  8 EVIDENTIARY
HEARING  AND  RULE 5  TRANSCRIPT  FILING
WITH INCLUDED  PRELIMINARY   MEMORANDUM
INCORPORATING  STATE BRIEF  ISSUES  AND
REQUESTING  60  DAY  EXTENSION OF TIME FOR
REBRIEFING AFTER NECESSARY RULE 8 HEARING

          In response to this Court's February 11,

2004 order for March 12,2004 merits briefing, the undersigned

Petitioner,Bonnie DiToro, being untrained in law and without any

access to MCI Framingham jailhouse-lawyers(because there are no

trained paralegal prisoners at that facility),CANTERINO  V.

WILSON,644 F.Supp 738,739-741(WD Ky 1986)(Ordering lawyers legal

assistance at Women's prison to provide equal opportunities to

female inmates because historically they do not have the same

access to and quality of jailhouse lawyers at men's prisons), in

relation to her February 14,2004 renewed motion to assign habeas

rule 8(c) counsel(see extra copy affixed hereto);Petitioner now    [n.2/]

moves this Honorable Court to delay or defer final merits briefing

and order a rule 8 evidentiary hearing(taking testimony from

-1-

---

n.1/ALL STATEMENTS MADE HEREIN ARE MADE UNDER THE PAINS
AND PENALTIES OF PERJURY AND ALL RECORD CITATIONS ARE TRUE
AND ACCURATE,INCLUDING ATTACHED STATE BRIEFS AND NEW TRIAL MOTION.
n.2/The 2/14/04 motion has been previously served on Asst. Atty
General Susanne G. REardon,and this pleading with attached
state briefs and new trial motion/memo is again served on her,id.

Donald Hall,Kimberly Cooper, and Bonnie DiToro concerning their
state Court affidavit averments,taking testimony from Attorneys
John Bosk,Kenneth Resnik,Jonathan Shapiro concerning non-strategic
omissions and actions, and perhaps other witnesses  described in
state Court evidentiary hearing requests which were denied by the
Superior Court and the Appeals Court),MAPES V. COYLE,171 F3d 408,
427-429(6th Cir 1999)(hearing necessary for appellate counsel's
explanations);PHOENIX V. MATESANZ,189 F3d 20(1st Cir 1999)(hearing
necessary for trial counsel's explanations and uncalled witnesses
testimony);GONZALES-SOBERAL V. UNITED STATES,244 F3d 273,277-279
(1st Cir 2001);WILLIAMS V. TAYLOR,529 US 420,437(2000);MORAN V. VOSE,
816 F2d 35,37(1st Cir 1987)(hearing necessary on issue of uncalled
defense witnesses);PORCARO V. UNITED STATES,784 F2d 38,41(1st Cir
1986)(If affidavits submitted by pro se habeas petitioner support
claim Court must determine whether evidentiary hearing may be
necessary).**Please** see affidavits of Bonnie DiToro,Donald Hall and
Kimberly Cooper contained in Respondent's supplemental answer copy
of state record appendix,incorporated herein by reference.

          Prior to any final merits briefing Petitioner
also moves this Court to issue a habeas rule 5 order for filing
of all state pre-trial and trial transcripts(with co-defendants
dispositions denied by state court),VICKS V. BUNNELL,875 F2d 258,
259-260(9th Cir 1989)(reversing District Court for failing to
review entire record which must include state trial transcripts)
necessary not only for the insufficient evidence claim but also
any harmless error analysis and to refute speculative Appeals Court
rulings which had absolutely no record support or which were
directly contradicted by the state transcripts;and,therefore an
unreasonable determination of the record facts..

Finally, before submitting the following prelim-
inary briefing suggestions, Petitioner requests this Court to
allow an extension of time up to 60 days after transcript filing
and service and 60 days after the conclusion of evidentiary hear-
ings,because it is impossible for her to presently brief "cause
and prejudice",BANKS V. DRETKE,___US___,124 S.Ct.___,74 Crl L.
Rptr 364-374(February 24,2004)(findings "cause and prejudice"
after federal evidentiary hearing expanded record developing facts
which were not developed in state courts) ,impossible for her to
brief merits of ineffective trial and appellate counsel claims
which are interwoven within grounds one,two,three and four,and
impossible for her to corroborate and develop Donald Hall's,
Kimberly Cooper's and her own, affidavits to clearly show her
"actual innocence",DOHERTY V. DuBOIS,93-12166-NG(9/17/97 finding
of colorable showing of actual innocence after evidentiary
hearing testimony of uncalled trial witness Joseph Yandle and
trial/direct appeal Attorney Alan Caplan).

However,because this Court may wish Respondent
to file a preliminary opposition to clarify the nature of some
grounds,which Petitioner could late file an EADPA specific reply
to(after forwarding a copy of opposition to prisoner in another
facility who drafted all state court pleadings for her and for
her former Attorney),Petitioner incorporates herein by reference
her direct appeal briefs(filed by Respondent) on grounds five
and six,noting insufficient evidence is a very close call,TOWNS
V. JACKSON,287 F.Supp2d 749(D. Mich 2003) making any other error
prejudicial and not harmless error,id,while submitting her attached
preliminary opposition state merits briefing on:Ground One,incor-
porating attached 01-P-1753 reply brief pages 3-6,primary brief

-3-

pages  8-18,and new trial motion/memorandum pages 6-41;Ground Two,
incorporating 01-P-1753 reply brief pages 6-9,primary brief pages
18-22 and new trial motion/memorandum pages 42-54;Ground Three,incor-
porating 01-P-1753 primary brief pages 23-33 and new trial motion/
memorandum pages 55-81; and Ground Four,incorporating 01-P-1753
reply brief pages 9-13, primary brief pages  33-49 and new trial
motion/memorandum pages 82-97;**while requesting D. Mass local
rules be waived if a page limitation is set**(since attachments are
only preliminary guidance for Reponsents procedural opposition
memorandum).                For Ground Four see COX V. DONNELLY,267 F.Supp2d 418
(ED NY 2003)(ineffective failure to object to instructions)
                Petitioner also notes the repeated pre-trial
and trial objections of defense counsel either made further Ground
        OSBORNE V. OHIO,/ 495 US 103,124-126(1990)(and cases cited)
One objection futile,or the failure to counsel to reobject when
hearsay was introduced(after side-bar objection) focuses the
inquiry on appellate prejudice for his failure to preserve the
Confrontation Clause violation issue,DAVIS V. SECRETARY D.O.C.,
341 F3d 1310,1313-1317(11th Cir 2003).Finally,with respect to
Ground Four,the words in c.94C,§ 32E(b)"knowingly or intentionally"
contain a mens rea element,UNITED STATES V. GERONIMO,330 F3d 67
(1st Cir 2003);01-P-1753 reply brief argument pages  9-13, and
pages 8-9 of the Mass. Appeals Court decision ruling on the Apprendi
issue on merits of federal claim,without repeating procedural bar
plain statement, waived any and all state procedural defaults,
RILEY V. TAYLOR,277 F3d 261,274-275(3rd Cir **en banc** 2001);REYNOSO
V. HALL,90 F.Supp2d 151,158(D.Mass 2000);VICTOR V. NEBRASKA,511 US
at 19(cited in Reynoso;HARRIS V. REED,489 US 255,266(1989);YLST V.
NUNNEMAKER,501 US 797,801(1991).**Most Respectfully Submitted,**

March 7,2004 mailed &
copy served on Asst.Atty
General Susanne  G. Reardon
                              Bonnie DiToro pro se
One Ashburton Place(suite 2019)     PO Box 9007
Boston,MA.02108                 Framingham,MA.01701

-4-