UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

BONNIE DiTORO,
  PETITIONER

V.        No.03-12467-PBS

BARBARA GUARINO,
  RESPONDENT

*******************************

PETITIONER'S VERIFIED MOTION FOR REASSIGNMENT OF
CONFLICT-FREE, EXPERIENCED AND COMPETENT COUNSEL
WITH REINSTATEMENT OF EVIDENTIARY HEARING MOTION

    Now comes habeas Petitioner Bonnie DiToro; and, moves this Honorable Court, Patti Saris,DJ, to replace conflict of interest burdened, (ineffective-assistance claims legally) inexperienced and incompetent CJA Attorney Roger Cox n.1/ [who should be re-evaluated for removal from CJA list], and moves Judge Saris to reassign conflict-free,aggressive and experienced Counsel to present approximately six witnesses testimony before any merits briefing to show "cause and prejudice" relieving all potential state procedural defaults,DRETKE V. HALEY,124 S.Ct.____; 2004 US Lexis 3235 *15-17(May 3,2004) in the necessary habeas Rule 8 evidentiary hearing requested in Docket Entry #14 (hereinafter DE#14) motion for an evidentiary hearing which must be reinstated as an active document [following Clerk's error terminating DE#14 document on 3/31/04] while a Rule 5 order for filing of all pretrial and trial transcripts is again requested (see DE#14 page 2).

    In support of this Court finding Roger Cox is burdened with conflicts of interest,Petitioner draws Judge Saris' attention to the following Court records which are subject to Judicial Notice:

1)Atty Cox's former WITSEC client in UNITED STATES V. JOHN PATTI, 97-CR-40009-NMG(docket entries pages 1,25-40 of 60) recently debriefed on 1996 organized crime cocaine trafficking(6/13/03 defendant Patti's resentencing memorandum page 2) with his 1996 crime partners,UNITED STATES V. CHARLES McCONNELL,97-CR-10026-JLT,which also include WITSEC(witness security program) cooperators John Mele,

        -1 of 4- [continued on reverse side-------------

---

n.1/Because Roger Cox has a systemwide prison client reputation as a loser of all his criminal appeals and post-conviction new trial motions and Petitioner DiToro's former ineffective appellate Attorney Jonathan Shapiro has several federal magistrate and Federal Judge friends,removing Cox from this case would eliminate appearance that he may have been specifically assigned to lose to cover-up for Shapiro.

Stephen Decenso,Thomas Regan,Robert Luisi and John DeCologero Sr., but two weeks ago DOJ AUSA Christopher Bator refused to provide any discovery of Roger Cox's former client,John Patti's debriefing,until sometime after the start of September 2004 jury trial in UNITED STATES V. PAUL A. DeCOLOGERO/DEREK CAPOZZI,ET.AL.,01-10373-RWZ, so DiToro former post-conviction Atty Bernard Grossberg (who represents Derek Capozzi) will not have access to material under JENKS act until the week before John Patti testifies at trial concerning Middlesex County based control of kilo drug trafficking dealers and drug robberies in 1996 which probably would include any supplier for co-defendant Donald Hall;creating a conflict impeding Roger Cox from seeking Rule 6 discovery of his client Patti's debriefing and exploring Patti's own contemporaneous drug trafficking knowlege at time of May 1996 offense charged in Commonwealth V. Ditoro/Hall/Cooper/Clune;

2)The prisoner,Michael Dupont, who drafted all pro se Commonwealt V. DiToro Middlsex No.96-1272 new trial motion/memo pleadings(see state docket entries #61,#64,#67,#68,#70 et.seq.) and draft 01-P-1753 brief and ALOFAR for Atty Grossgerg, also drafted the DiToro V. Guarino 28 USC § 2254 Petition for Walpole copying which Andrew Kilburn was good enough to twice pay outgoing Walpole postage for a mutual friend to get to Petitioner DiToro for filing through a friend paying fee;

3)Attorney Roger Cox has a personal conflict of interest based upon his being prosecuted for breach of CPCS third party beneficiary contract/legal malpractice,Kilburn V. Cox,Middlesex No.03-4461-B, arising from Cox not utilizing all 50 brief pages when he failed to raise and federalize obvious jury instruction error and switched theory of case with ineffective assistance of trial counsel.Contrast Commonwealth V. Kilburn,426 Mass 31(1997)(Roger Cox briefing weak insufficient evidence issue and omitting meritorious trial errors)with Kilburn V. Maloney,164 F.Supp2d 117(D.Mass 2001)(granting stay to reraise and exhaust federal issues Cox omitted from direct appeal briefs) and Commonwealth V. Kilburn,438 Mass 356,360-361(2003)(Noting Atty Cox "failed to raise a merger claim on his appeal" when the "felony-murder instruction was erroneous" and "the error was also prejudicial") now pending a magistrate-Judge's report and recommendation on the merits in Kilburn V. Maloney,98-12156-RGS-JGD.The ineffective appellate counsel claims pending against Roger Cox also include Cox failing to read or cite a crucial motion transcript containing Atty Earle Cooley's specific objections and citation to controlling SJC and First Circuit decisions on point,with Cox refusing to attack a high-profile well

8) Atty Cox has a personal conflict of interests preventing him from actively trying to win DiToro V. Guarino (ineffective appellate counsel grounds), that would create landmark ineffective state appellate counsel precident in the First Circuit, because such DiToro winning decision could help subject Cox to $damage$ liability in Kilburn V. Cox and support a "cause and prejudice" finding relieving Roger Cox's state procedural defaults litigated in Kilburn V. Maloney habeas. See DRETKE V. HALEY, 124 S.Ct ___, ___; 2004 US Lexis 3234 *15-17(May 3, 2004)(holding ineffective state appellate counsel and trial counsel claims must be decided to relieve procedural default before any "actual innocence" analysis is conduct in 28 USC § 2254 habeas procedings);

9) With the exception of Atty Cox's motion to withdraw which Petitioner DiToro hopes Cox files immediately, Atty Cox is herein directed not to file and brief/memo of law or other substantive motion in 03-12467-PBS without first sending an advance draft copy to Petitioner DiToro with sufficient time allowed for this actually innocent Petitioner to submit her feedback/input (e.g. several weeks advance notice), UNITED STATES V. IDOWU, 157 F3d 265(3rd Cir 1998)(insufficient evidence to convict drug trafficking car driver despite six prior telephone calls and driver owning bag in car used to facilitate co-defendants crime); Commonwealth V. DiToro, 51 Mass App Ct 191, 198-1999(2001)("excluding certain exculp-exculpatory statements made by (co-defendants) Hall and Cooper to the effect that DiToro had nothing to do with the drug deal"); CHIA V. CAMBRA, 360 F3d 997, 1002-1008(9th Cir 2004)(On remand from United States Supreme Court 538 US 902; granting writ of habeas corpus based on state Court excluding a co-defendant's statements exculpating the Petitioner who was drug deal car driver); TOWNS V. JACKSON, 287 F.Supp2d 749(D.Mich 2003)(Weak evidence of drug trafficking knowledge precludes any harmless error finding on any other state trial error grounds presented in a 28 USC § 2254 federal habeas corpus petition).

## CONCLUSION

The actually innocent Petitioner, Bonnie DiToro, needs experienced and aggressive counsel to present evidentiary hearing witnesses and this Court should reassign her a conflict-free CJA Attorney !

RESPECTFULLY SUBMITTED,

May 20, 2004 copy served on
Asst Atty general Susan Reardon
One Ashburton Pl, Boston, MA. 02108
cc. Attorney Bernard Grossberg &
CPCS Atty David Nathanson with
copy also to Atty Roger Cox  and cover-letter to clerk
for this filing

Bonnie DiToro #F/36659
PO Box 9007   (MCI Framingham)
Framingham, MA. 01701

respected big-name lawyer like Atty Cooley for failing to repeat his prior objections to preserve issue,438 Mass at 360 footnote 6,<u>id</u>.;which resulted in Cox creating a second procedural bar similar to Attorney Shapiro's non-strategic errors presented in <u>DiToro V. Guarino</u>;

4)It is highly unlikely Cox would attack Atty Shapiro here because the claims Cox is being civilly prosecuted for are substantially similar to claims against Atty Shapiro who, like Cox, failed to utilize all 50 pages of his direct appeal brief while failing to raise and federalize obvious jury instruction errors(including switched theory of case)while Shapiro presented a weak issue of insufficient evidence and failed to read or cite a 2/20/98 motions tracript containing specific objections counsel failed to repeat at trial;plus Shapiro refused to brief the similar issue of ineffective assistance of trial counsel causing a bar;

5)Like Rankin & Sultan and several other Boston Law Firms who rely upon fee referrals from their lawyer friends,selling-out clients to protect other Attorneys' in their old-boy network, Petitioner DiToro's direct appeal law firm of Stern & Shapiro had and has the same unethical law-Office practice of <u>never</u> briefing claims of ineffective assistance against other lawyers(they won't bite hands that feed Atty Shapiro),which caused the state procedural defaults in this case(see pro se new trial motion attached to DE#14 evidentiary hearing motion and habeas Petitition page 6 footnote 2 inclorporated into Petition page 31 note 6), wgich new federal CJA Counsel needs to fully explore,develop and expose through former Attys evidentiary hearing testimony prior to merits briefing;

6)Atty Cox is known throughout the state prison system for having a losing career record in criminal post-conviction appeals and Cox has an Office practice of <u>never</u> strongly attacking any other lawyer in an ineffective assistance claim while Cox has absolutely no prior experience presenting Attorneys testimony to suppor an ineffective appellate counsel claim in any evidentiary hearing in state or federal Court;but such a claim is the primary ground in <u>DiToro V. Guarino</u>;

7)Similar to Petitioner DiToro's state direct appeal Atty Jonathan Shapiro refusing to assist or provide a post-conviction new trial motion affidavit, Atty Roger Cox is known throughout the state prison system for refusing to provide former clients with new trial motion affidavits, unethically concealing his own malpractice and lying to clients to cover-up his own mistakes while accepting too many appointments, not complying with CPCS Appellate Defender Standard rules,and rushing at the last minute filing inadequate briefs without providing advance copies to clients,which clients need to pre-approve and correct Cox mistakes and remedy his omissions;